# CIRCUIT COURT OF THE CITY OF NORFOLK

Bernice Taylor

v.

John D. O'Neil *et al.*

July 15, 2015

Case No. CL14-7519

BY JUDGE DAVID W. LANNETTI

This action was before the Court on July 7, 2015, for a hearing on a Motion To Compel filed by Plaintiff Bernice Taylor against Defendant Emergency Coverage Corporation ("ECC"), proper notice having been given to all parties. The Motion To Compel sought (1) production of an unredacted copy of the Agreement for Emergency Staffing Services between ECC and Bon Secours Hampton Roads Health Systems (the "Contract") and (2) designation by ECC of one or more corporate deponents to be examined on the matters identified in Taylor's related deposition notice issued in accordance with Rule 4:5(b)(6) of the Rules of Supreme Court of Virginia. The Court heard arguments from counsel and took the motion under advisement in order to, *inter alia*, review the unredacted Contract *in camera*.

Now, the Court, after considering the arguments at the July 7, 2015, hearing, reviewing the related briefs and the unredacted Contract, and consulting applicable authorities, grants Taylor's Motion To Compel as to both issues.

The Court finds that the redacted portions of the Contract are relevant to the subject matter involved in the pending action and given the arguments presented by Taylor's counsel that production of the unredacted Contract is reasonably calculated to lead to the discovery of admissible evidence. The Court finds that any concerns expressed by ECC regarding potential harm to its business interests or disclosure of potentially protected information can be addressed with a protective order. For these reasons, the Court grants the Motion To Compel regarding Taylor's request for production of the unredacted Contract.

The Court finds that Taylor has the right to examine a corporate defendant via the procedure set forth in Rule 4:5(b)(6) of the Rules of Supreme Court of Virginia. The Court finds ECC's argument that the matters identified in Taylor's deposition notice are more appropriate for written discovery to be unpersuasive, as Taylor, as well as each of the defendants, including ECC, has the choice regarding which discovery methods to employ against other parties. Va. Sup. Ct. R. 4:1(a). The Court recognizes that the threshold for permissible discovery is merely whether the matter sought is relevant to the subject matter involved in the case and is reasonably calculated to lead to the discovery of admissible evidence. The deposition matters on which Taylor seeks examination meet or exceed this threshold. The Court again concludes that a protective order can properly address ECC's expressed concerns regarding protected information. For these reasons, the Court grants the Motion To Compel regarding Taylor's request for ECC to designate one or more corporate deponents to be examined on the matters on which Taylor seeks examination in accordance with Rule 4:5(b)(6) of the Rules of Supreme Court of Virginia.